914 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MARTIN, Plaintiff-Appellant,
v.
Pete VIDOR; Robert Brown, Jr.; Dan Bolden; Raymond
Toombs; Ray Palmer; Zbigniew Tyszkiewicz; Mycheal D.
Evans; Everett Elkins; Elizaebth McNamara, individually
and in their official capacities at Michigan Department of
Corrections; Defendants-Appellees.
 No. 89-2249.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges; and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Morris Martin is a Michigan prisoner who appeals pro se from the district court's order that granted summary judgment to two of the defendants and dismissed the remainder of his civil rights complaint under 28 U.S.C. Sec. 1915(d). Martin's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Martin alleged that the defendants had violated his constitutional rights 1) by placing and keeping him in administrative segregation, 2) by failing to process a grievance regarding his continued segregation, and 3) by failing to transfer him to a facility that was closer to his family. On October 10, 1989, the district court entered a memorandum opinion and judgment that awarded summary judgment to defendants Elkins and McNamara and dismissed the remainder of Martin's complaint as frivolous under 28 U.S.C. Sec. 1915(d). It is from this judgment that Martin now appeals.
 
 
 3
 Our de novo review of the record shows that Martin's proof does not create a disputed issue which would preclude the entry of summary judgment in favor of Elkins and McNamara. Martin's claim is based on Mich.Comp.Laws Sec. 791.251(2)(b) which provides in pertinent part as follows: "The hearings division shall be responsible for each prisoner hearing ... which may result in the loss by a prisoner of ... [a] security classification which may result in the placement of a prisoner in administrative segregation." However, Martin concedes that his reclassification was based on a hearing officer's finding that he was guilty of assault and battery. Moreover, the actual classification of an inmate to administrative segregation falls within the express authority of each prison's security classification committee. Mich.Comp.Laws Sec. 791.264; Mich.Admin.Code r. 791.4401(2). Martin also concedes that Elkins and McNamara are members of the security classification committee. Their authority in the instant case is underscored by Mich.Admin.Code r. 791.4405(4), which allows segregation without an additional hearing if an inmate's reclassification is based on a major rule infraction.
 
 
 4
 In addition, Martin has failed to state a constitutional claim even if he has articulated a technical violation of state procedures. The mandatory language in Sec. 791.251(2)(b) is exclusively concerned with the procedural requirements for administrative segregation rather than the substantive predicates on which it may be based. "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." Olim v. Wakinekona, 461 U.S. 238, 250 (1983); cf. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 5
 The district court's dismissal of the remaining defendants was appropriate under 28 U.S.C. Sec. 1915(d), because Martin's claims against them do not have an arguable basis in law. See Neitzke v. Williams, 109 S.Ct. 1827, 1833 (1989). Having disposed of Martin's federal claims, the district court was well within its discretion in dismissing his pendent state claims without prejudice. Moreover, the district court did not abuse its discretion in denying Martin's motion for counsel or in entering its judgment without the benefit of a magistrate's report.
 
 
 6
 Accordingly, it is hereby ORDERED that Martin's request for counsel is denied and the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.